# In the United States Court of Federal Claims

**No.08-0790V**
Filed: February 4, 2014
Not to be Published

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MICHAEL A. LEBRUN and SUZANNE M. LEBRUN, Parents and Guardians of ALEXANDER J. LEBRUN, a Minor, | \* \* \* \* \* |
| Petitioners, | \* Autism; Attorneys' Fees and Costs \* |
| v. | \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES | \* \* \* |
| Respondent. | \* \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 10, 2012, petitioners filed a motion for attorneys' fees and costs in this case. Respondent requested that a ruling on petitioners' motion be deferred because the issue of whether attorneys' fees and costs could be awarded in untimely filed cases was pending before the U.S. Supreme Court. Response, filed Dec. 18, 2012, at 2. The special master formerly assigned to this case granted respondent's motion. Order, issued Jan. 3, 2013, at 2. Additionally, the special masters deferred ruling on fee applications in approximately 1,000 other Omnibus Autism Proceedings ("OAP") cases.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to redact medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will redact such material from public access.

1

Following the Supreme Court's decision,[2] respondent's counsel and petitioners' counsel from the five law firms with the greatest number of pending motions discussed a procedure to avoid the lengthy litigation required to assess whether each case was filed in good faith and with a reasonable basis.  Respondent will withdraw her objection to the payment of attorneys' fees and costs in cases which were filed when the minor child was 78 months of age or younger with two caveats.[3]  Petitioners' counsel will withdraw all motions for fees and costs in cases which were filed when the minor child was older than 78 months of age or which fall under either caveat.  The procedure applies only to cases in the OAP and should not be construed as evidence that the parties are abandoning any legal arguments they may make in other cases.

This case is the only such case for petitioners' counsel.  Because the case was filed when the minor child was 78 months of age or younger and does not fall under either of respondent's caveats, respondent has withdrawn her objection to payment of attorneys' fees and costs.  However, respondent objected to the amount of fees and costs requested by petitioners' counsel.

On February 4, 2014, the parties filed a Stipulation of Facts Concerning Attorneys' Fees and Costs.  After informal discussions, the parties have agreed on $10,000.00 in attorneys' fees and costs and $350.00 in petitioners' costs for a total of $10,350.00.  In lieu of filing a Vaccine General Order #9 statement, petitioners' counsel represents that petitioners personally incurred $350.00 in costs that are compensable under § 15 (e)(1).

**Pursuant to §15(e), I hereby award a total amount of $10,350.00 to be paid as follows:**

- **a lump sum of $10,000.00, in the form of a check payable jointly to petitioners and petitioners' counsel, Peter H. Meyers, Esq.; and**

- **a lump sum of $350.00, in the form of a check payable solely to petitioners.**

---

[2] The Supreme Court held that a "petition found to be untimely may qualify for an award of attorney's fees if it is filed in good faith and there is a reasonable basis for its claim."  *Sebelius v. Cloer*, 133 S.Ct. 1886, 1896-97 (2013).

[3] The first caveat is that respondent will continue to object in any case where the filed medical records show that there was a diagnosis outside the statute of limitations.  The second caveat applies to those cases, in which the claim lacked a reasonable basis for reasons unrelated to timely filing.  For example, if the minor vaccinee received only a hepatitis B vaccine at birth and no additional vaccines were administered, respondent may continue to object because the period between vaccination and onset of symptoms at 15 months of age is unreasonable.

  In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the Clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

              s/Denise K. Vowell
              Denise K. Vowell
              Chief Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. See Vaccine Rule 11(a).